JOHN JEFFREY, Adm'r of RICHARD JEFFREY *vs.* JAMES M. FLOOD, and MARY ANN FLOOD, his wife.

*Equity Pleading and Practice—Mortgage—Payment—Variance between the Allegata and Probata—Usury—Amendment—Decree—Code, Art. 5, sec. 28, (Code of 1888, Art. 5, sec. 36.)*

A party cannot have relief which is contrary to the purpose of his bill and not within its scope. He must stand by the averments contained in his pleadings, and cannot state one case and recover upon another materially different.

Certain mortgagors filed a bill against the mortgagee alleging that they had mortgaged a tract of land to secure the payment of $1160 with interest, that they had paid the whole of the mortgage debt, except a small balance which they were ready and willing to pay, but that the mortgagee declined to receive the balance and release the mortgage, claiming that a larger sum was due, and under a power contained in the mortgage had advertised the land for sale. The bill prayed for an account, and that on payment of the sum found to be due, the mortgagee might be decreed to execute a release; also for an injunction and general relief. On a reference to the auditor he reported that the amount actually loaned was $1000, that this sum with interest had been paid, and $120.36 in excess of the indebtedness. After exceptions the report of the auditor was confirmed, and a perpetual injunction was decreed. On appeal it was HELD:

1st. That although the evidence showed that the mortgage debt was overpaid, the Court could not affirm the decree, because of the variance between the *allegata* and *probata*.

2nd. That the plaintiffs could not avail themselves of the defence of usury although usury was proven, inasmuch as they not only had failed to charge usury, but had recognized as a debt the amount stated in the mortgage and offered to pay what remained due.

3rd. That the plaintiffs' instructions to the auditor, wherein they objected to the usurious excess, could not be taken as changing the character, or modifying the averments, of the bill.

4th. That the bill might be amended so as to conform to the proofs, and the plaintiffs would then be entitled to such a decree as was passed by the Court below.

5th. That to enable them to make such amendment, the Court would remand the case under section 28 of Article 5 of the Code, (Code of 1888, Article 5, section 36,) without either reversing or affirming the decree.

APPEAL from the Circuit Court for Howard County, in Equity.

The case is stated in the opinion of the Court.

The cause was argued before ALVEY, C. J., YELLOTT, STONE, MILLER, ROBINSON, BRYAN, and McSHERRY, J.

*M. Bannon,* for the appellant.

*Thomas Hughes,* for the appellees.

BRYAN, J., delivered the opinion of the Court.

James Flood, and Mary Ann Flood, his wife, filed a bill in equity against Richard Jeffrey. It was alleged that on or about the twenty-fifth day of July, eighteen hundred and seventy, they mortgaged to Jeffrey a certain tract of land to secure the payment of the sum of eleven hundred and sixty dollars with interest, at the rate of six per cent. per annum; that they had paid the whole of the mortgage debt with interest, except a small balance which still remained due, and which they were ready and willing at any time to pay. The bill further alleged that Jeffrey declined to receive the balance, and to execute a release of the mortgage, pretending that other and larger sums were still due; and that under a power contained in the mortgage, he had advertised the land for sale by public auction. The prayer of the bill was that an account might be

taken of the money due under the mortgage; that on payment of the sum found to be due, Jeffrey might be decreed to execute a release; that he might be enjoined from foreclosing the mortgage, or from making sale under the power therein contained; and that the complainants might have general relief. The injunction was granted, with liberty to the defendant to move for the dissolution of it on the usual terms.

The answer alleged that nine hundred dollars remained due on the mortgage with interest from the fifteenth day of November, eighteen hundred and seventy-eight, and admitted that the defendant had advertised the land for sale under a power contained in the mortgage. A large amount of testimony was taken, much of which was very contradictory. The Court continued the injunction until further order, and referred the case to the auditor to state an account of the payments made in respect to the mortgage debt. The auditor reported that the amount loaned on the twenty-fifth of July, eighteen hundred and seventy, was one thousand dollars; and that this sum with interest had been paid, and the further sum of one hundred and twenty dollars and thirty-six cents in excess of the indebtedness. Exceptions to the report were filed by the defendant, but it was ratified and confirmed by the Court; and afterwards a decree was passed making the injunction perpetual.

As we agree with the conclusions from the testimony which the Circuit Court reached, we consider it unnecessary to embody in this opinion a detailed discussion of the questions of fact. Our decision of these questions could never be available as a precedent in any future case, and the interest in them is confined to the parties to this litigation. We shall, therefore, content ourselves with stating the facts which we consider proved; some of them without contradiction, and others by a

preponderence  of  probability  of  more  or  less  weight.
Justice  to  the  witnesses,  however,  requires  that  we
should  say  that  we  do  not  impeach  the  veracity  of  any  of
them;  but  that  we  recognize  the  fact  that  with  regard
to  events  which  happened  so  many  years  ago,  there  may
naturally  be  considerable  failures  of  memory.    The
mortgage  was  made  to  secure  the  payment  of  eleven
hundred  and  sixty  dollars,  but  the  amount  actually
loaned  was  only  one  thousand  dollars;  several  pay-
ments  were  made  to  the  mortgagee,  and  many  others
were  made  to  John  Q.  A.  Jones,  and  the  aggregate
amount  of  all  these  payments  is  more  than  sufficient  to
repay  with  interest  the  sum  actually  loaned.    We
think  that  Jones  was  authorized  by  the  mortgagee  to
receive  these  payments  in  his  behalf.    We  cannot,
however,  affirm  this  decree.    The  facts  which  we  have
stated  do  not  sustain  the  averments  of  the  bill  of  com-
plaint;  but  in  some  instances  materially  vary  from
them,  and  in  others  directly  contradict  them.    The
complainants  state  the  amount  of  the  loan  to  be  greater
than  that  shown  by  the  evidence;  and  distinctly  aver
that  a  portion  of  it  is  still  due  and  unpaid,  which  they
offer  to  pay.    The  loan  was  usurious,  and  if  the
amount  of  the  usury  be  deducted  from  the  sum  stated
in  the  mortgage,  the  payments  which  have  been  made
will  extinguish  the  debt.    The  complainants  do  not
make  any  charge  of  usury,  and  do  not  claim  relief  on
that  ground.    On  the  contrary,  they  explicitly  recognize
as  a  debt  the  amount  stated  in  the  mortgage,  and  offer
to  pay  what  remains  due.    In  the  instructions  given
to  the  auditor  as  to  the  mode  of  stating  the  account,
the  solicitor  of  the  complainants  objected  to  the
usurious  excess;  but  this  cannot  be  taken  as  changing
the  character,  or  modifying  the  averments  of  the  bill
of  complaint.    A  party  cannot  have  relief  which  is
contrary  to  the  purpose  of  his  bill,  and  not  within  its

scope. He must stand by the averments contained in his pleadings; and cannot state one case and recover upon another, materially different; the *allegata* and the *probata* must correspond. The bill of complaint might readily be amended so as to conform to the proofs, and the complainants would then be entitled to such a decree as has been passed by the Court below, In order that such an amendment may be made, we shall remand the cause under the twenty-eighth section of the fifth Article of the Code, without either reversing or affirming the decree.

*Remanded without reversing or affirming the decree.*

(Decided 9th January, 1889.)

ROBINSON, J., filed the following dissenting opinion, in which Judge STONE concurred:

In my opinion this decree ought to be affirmed and not to be sent back.

In my judgment the mortgage debt had been paid, and paid to Mr. Jones by the authority of the mortgagor.

(Filed 9th January, 1889.)